## BECK, Plaintiff-Appellee v. WUERDEMAN, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6501.   Decided April 23, 1945.

Kunkel & Kunkel, Cincinnati, for plaintiff-appellee.

August A. Rendigs, Cincinnati, and Elmer E. Strasser, Cincinnati, for defendant-appellant.

### OPINION

BY THE COURT.

The trial court overruled the defendant's motions for an instructed verdict and, after a verdict in plaintiff's favor, overruled her motion for judgment notwithstanding the verdict, but granted her motion for a new trial.

This appeal is from the order overruling the motion for judgment. It raises the question of whether after giving the most favorable construction to the evidence, a reasonable mind could say there is any substantial evidence in support of every essential element of the plaintiff's case. By overruling the motion, the trial court indicated that it considered that there was substantial evidence.

It is conceded that plaintiff and a witness used language as witnesses, the meaning of which would ordinarily be such as to furnish evidence for submission to the jury, but it is claimed that it was completely lacking in probative value—and two reasons are assigned for that claim.

(1) The first claim is that the plaintiff's credibility as a witness was completely destroyed by proof of prior contradictory statements and by proof that she falsely denied certain incidents reflecting upon her moral character.

As will be pointed out later the plaintiff testified to every element essential to a recovery. That being true, her credibility as a witness constituted an issue to be determined by the trier of the facts. Notwithstanding the rule stated in **Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St, 469,** we do not understand that the credibility of a witness ever becomes a question of law for the determination of the court.

(2) Next, it is claimed that while the plaintiff and her witness at certain points in their testimony used certain language which, standing alone, would tend to prove liability, nevertheless taking their testimony as a whole and the physical facts to which they testified that there is no probative value and that reasonable persons could not disagree on that subject.

We cannot concur with counsel in this position.

This action arose out of a collision between two automobiles going in opposite directions. The plaintiff, a passenger in one, alleged, among other grounds of negligence, that the defendant operated her automobile onto the left or wrong side of the street and thereby caused the collision. She did not recede from this testimony or that when the automobiles came to a stop the automobile in which she was riding was still on the right side of the street. If that was true, there was a violation of a traffic rule and negligence on defendant's part. The chief, if not the only, basis of nullifying this is the fact that her testimony as to the speed of the two automobiles would place the collision at a different place.

Now her testimony as to speed was opinion evidence. It could not be used to completely destroy the probative value of her positive testimony as to which side of the street the collision occurred on. Speed had nothing to do with whether the collision occurred on the east or west side. There was no physical fact that rendered impossible the happening at the location testified to by the plaintiff.

We are of the opinion that the record presented a case for the trial court to conclude, as it did, that the verdict

was manifestly against the weight of the evidence, but not a case for the court to hold as a matter of law that there was no substantial evidence to support the plaintiff's case.

The action of the trial court is, therefore, affirmed.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., concur.